**UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVID TYLER,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | **CIVIL NO. 3:CV-04-0510** |
| **v.** | : | |
| | : | **(CHIEF JUDGE VANASKIE)** |
| **JOHN PALAKOVICH, ET AL.,** | : | |
| | : | |
| **Respondents.** | : | |

**M E M O R A N D U M**

**I.        INTRODUCTION.**

        Petitioner David Tyler is a Pennsylvania inmate in custody at the Huntingdon

State Correctional Institution ("SCI-Huntingdon"), in Huntingdon, Pennsylvania.  Currently

before me is Tyler's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Dkt

Entries 1 and 4.)  Tyler has paid the $5.00 filing fee in this matter.  For the reasons discussed

below, I conclude that Tyler's habeas petition is barred by the one-year period of limitations set

forth in 28 U.S.C. § 2244(d)(1).

**II.        BACKGROUND.**

        In 1992, Tyler was facing narcotics trafficking charges in connection with a

recorded drug sale to Doreen Proctor, the murder victim in the conviction he is presently

challenging.  (Dkt. Entry 4-1.)  A tape recording of the sale was introduced at Petitioner's

preliminary hearing on the narcotics charge, and Proctor was expected to testify at Tyler's trial. However, on the same day Tyler's drug trial was to commence, Doreen Proctor was found shot to death on a road outside of Gettysburg, Pennsylvania.  (Dkt. Entry 11-3, at 5.)

      Originally six people were implicated and charged in Ms. Proctor's murder (Mary Jane Hodge, Roberta Ronique Bell, Willie James Tyler (Petitioner's brother), David and Jerome King, and Petitioner).[1]  (Id.) On April 8, 1993, after a jury trial in the Adams County Court of Common Pleas, Petitioner was convicted of one count of first degree murder and six counts of conspiracy (conspiracy to commit murder, conspiracy to kidnap, conspiracy to intimidate a witness, conspiracy to commit aggravated assault, conspiracy to carry firearms without a license, and conspiracy to possess prohibited offensive weapons).  (Dkt. Entry 11-3, at 12, 36.) Tyler's co-defendant, Ms. Bell, was acquitted of all charges.  On February 23, 1994, Tyler received a life sentence for the first degree murder conviction and a consecutive term of five to ten years imprisonment for the six conspiracy counts, which were consolidated into one count for sentencing purposes.  (Dkt. Entry 11-3, at 36.)

      On March 23, 1994, Tyler filed a notice of appeal, arguing that the trial court erroneously denied his motion for severance from co-defendant Roberta Ronique Bell and that

---

[1]  Hodge testified for the Commonwealth in return for a plea agreement.  The remaining defendants were all charged with murder.  Three trials were scheduled in three separate counties.  Petitioner and Bell were tried together in Adams County, while Petitioner's brother, Willie Tyler, was tried separately.  The Kings entered a negotiated plea.   Id.

the evidence was insufficient to sustain his convictions.  On December 6, 1994, the Superior

Court of Pennsylvania affirmed the Judgement of Sentence.  Commonwealth v. Tyler, No.

00161 (Pa. Super. Ct. Dec. 6, 1994) (Dkt. Entry 11-3, at 36-45).  The Pennsylvania Supreme

Court denied Tyler's  Petition for Allowance of Appeal on May 11, 1995.  Pursuant to 42 PA.

CONS. STAT. ANN. § 9545(b)(3), Tyler's judgment of sentence became final on August 9, 1995,

90 days after the Pennsylvania Supreme Court denied allowance of appeal.  (Dkt. Entry 11-4,

at 99.)

On June 14, 1995, Tyler filed his first of four petitions for collateral relief under

the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. ANN. §§ 9541 et

seq., and its predecessor, the Post-Conviction Hearing Act ("PCHA").  The initial petition

claimed  ineffective assistance of trial counsel for having entered into a stipulation with the

Commonwealth that the defense would withdraw its request for a DNA expert to analyze blood

and tissue samples found at the crime scene and under the victim's fingernails if the

Commonwealth promised not to offer expert testimony that a blood enzyme, common to Tyler's

blood type, was found on the victim.  On December 20, 1995, following a hearing, the court

denied Tyler's petition.  (Dkt. Entry 11-4, at 14.)  On January 24, 1996, the PCRA court issued

a statement pursuant to PA. R. APP. P. 1925, in which it noted that Tyler's co-defendant,

Roberta Ronique Bell, who was acquitted by the jury that convicted Tyler, was "recently"

convicted in federal court on charges relating to Proctor's murder.[2]  (See Dkt. Entry 11-4, at

14.)  On July 15, 1996, the Pennsylvania Superior court affirmed the denial of Tyler's initial

PCRA petition.  Commonwealth v. Tyler, No. 00081 HBG 96 (Pa. Super. Ct. July 15, 1996)

(Dkt. Entry 11-4, at 25).  The Pennsylvania Supreme Court denied Petitioner's Allowance for

Appeal on May 30, 1997.  Commonwealth v. Tyler, 695 A.2d 786 (Pa. 1997) (table).

Tyler took no additional action to challenge his conviction for more than one (1)

year.  On April 8, 1999, Tyler filed a motion for new trial based on after discovered evidence.

The motion was later amended and treated as a second request for post conviction relief.  (See

Dkt. Entry 11-4, at 42, 51, 52.)  Tyler, with the assistance of counsel, asserted that Mark Spotz

committed perjury when he testified on the Commonwealth's behalf and provided incriminating

testimony at Petitioner's trial.  (Id.)  On or about August 23, 1999, after Spotz refused to testify,

the PCRA proceedings were terminated.  (See Dkt. Entry 11-4, at 57.)

Tyler did not take any other action to contest his conviction until June 11, 2001,

when he filed his third PCRA petition.  Tyler claimed that testimony during the 1996 federal

murder trial of Roberta Ronique Bell exculpated him of conspiring to have Proctor murdered.

Recognizing that the threshold question was whether the latest PCRA

proceeding was barred by the applicable one year limitations period, the Adams County Court

---

[2]  The Court takes judicial notice of United States v. Bell, No. 1:CR-95-0163 (M.D. Pa.
1996)(J. Caldwell)(Bell convicted of first degree murder on January 19, 1996).

of Common Pleas nonetheless considered the substance of the federal court testimony to determine whether it was truly exculpatory.  Commonwealth v. Tyler, No. CC-551-92 (Adams Cty. Aug. 15, 2001) (Dkt. Entry 11-4, at 58-63).   In an Opinion and Order dated August 15, 2001, the state trial court found that the testimony, in fact, was not exculpatory and dismissed the PCRA petition without addressing the limitations question.  The court concluded that, even though the offered testimony revealed that Bell had admitted to others that she and Tyler's brother, Willie, had participated in killing Proctor, the testimony did not exonerate Tyler from having participated in the conspiracy to murder Proctor.  In arriving at this conclusion, the state trial judge observed that the federal court testimony did not undermine the evidence that Tyler had a motive to prevent Proctor from testifying against him, he had made a statement to the effect that Proctor had to die, he had purchased and possessed the murder weapon, and he had devised a plan to lure Proctor from her apartment.  Id. at 5 (Dkt. Entry 11-4, at 62.)  The court observed that that statements introduced at the federal trial of "Bell's admissions do not exonerate [Tyler], nor do they diminish or dispute considerable evidence establishing his participation in the murder."  Id.

On August 31, 2001, the state trial court vacated its earlier Order for the purpose of determining whether it had jurisdiction to consider the third PCRA petition in view of the apparent expiration of the applicable limitations period.  Commonwealth v. Tyler, No. CC-551-92 (Adams Cty. Aug. 31, 2001) (Dkt. Entry 11-4, at 64).   On October 22, 2001, the court

dismissed the third PCRA petition, finding that Tyler had failed to exercise due diligence in presenting his allegation of newly discovered evidence.  <u>Commonwealth v. Tyler</u>, No. CC-551-92 (Adams Cty. Oct. 22, 2001) (Dkt. Entry 11-4, at 75-76.)  In this regard, the state court referenced its PA. R. APP. P. 1925 statement issued in January of 1996, which had mentioned Bell's conviction of murder in federal court.  That statement had been attached to the April 8, 1996 Brief of Appellant filed in the Superior Court and to the August 14, 1996 Petition for Allowance of Appeal filed on behalf of Tyler.  Thus, Tyler's claim that he could not have learned of the testimony in Bell's trial until 2001 was belied by the state trial court record.

Tyler did not file an appeal to the Pennsylvania Superior Court challenging the dismissal of his third PCRA petition.  Instead, on April 15, 2002, Tyler filed a fourth PCRA petition, seeking allowance to file an appeal of the dismissal of his third PCRA petition <u>nunc pro tunc</u>.  On October 10, 2002, the Adams County Court of Common Pleas granted Petitioner's request and reinstated his appeal rights with respect to the denial of his most recent PCRA petition, citing Tyler's possible confusion as to the procedural status of his petition as well as the possibility that Tyler never received a copy of the order dismissing his petition.  (<u>See</u> Dkt. Entry 11-4, at 77, <u>Commonwealth v. Tyler</u>, CC-551-92 (Adams Co. 2002).)

In his appeal Tyler argued that the trial court made three errors when it : (1) failed to appoint him counsel; (2) found Bell's federal trial testimony not exculpatory; and (3) ruled his petition untimely.  (<u>See</u> Dkt. Entry 11-4, at 81-97.)   On July 29, 2003, the Superior Court of

-6-

Pennsylvania vacated the October 10, 2002 Order and quashed Tyler's appeal, concluding that the trial court had lacked jurisdiction to restore Petitioner's appeal rights because any PCRA review was untimely.  Commonwealth v. Tyler, No. 1769 MDA 2002 (Pa. Super. Ct. July 29, 2003) (Dkt. Entry 11-4, p. 98).  The Pennsylvania Supreme Court denied Tyler's Petition for Allowance of Appeal on February 17, 2004.  Commonwealth v. Tyler, No. 625 MAL 2003 (Pa. Feb. 17, 2004) (Dkt. Entry 11-5, at 10.)

Tyler filed his present petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 9, 2004, and a Comprehensive Clarification on May 10, 2004.  Tyler raises the following issues in his Petition: (1) denial of effective assistance of trial counsel with respect to counsel's handling of evidence of blood found at the scene of the murder and failure to recognize that he (trial counsel) may be a defense witness on the issue of motive; (2) the state courts erred "as a matter of law" in finding that his third and fourth PCRA petitions were untimely; and (3) the state appellate courts failed to properly adjudicate his third and fourth PCRA appeals.  (Dkt. Entry 1, Petition.)  He claims that, while his habeas petition "could be deemed untimely," he is asserting a claim of actual innocence, is without another state court avenue of relief, and thus is entitled to consideration notwithstanding the statute of limitations bar.  (Dkt. Entry 4-1, Comprehensive Clarification of the Instant Habeas Corpus Petition.)

Respondents filed a timely Answer on July 1, 2004, claiming that all issues raised in Tyler's petition, including Petitioner's assertion of after-discovered evidence, are time-barred.

(Dkt. Entry 11.)  In the alternative, Respondents argue that many of Tyler's claims are procedurally defaulted.  Respondents also address the merits of Tyler's ineffectiveness of counsel claims.  A traverse was filed on July 26, 2004.

**III.**      **DISCUSSION.**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, amended the federal habeas corpus statute by imposing a one-year statute of limitations on petitions filed under 28 U.S.C. § 2254.  Specifically, a state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. § 2254 must adhere to a statute of limitations that, in relevant part, provides:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

28 U.S.C. § 2244(d)(1)(emphasis added).

Where, as here, a prisoner's conviction became final on direct review prior to the effective date of the AEDPA (April 24, 1996), the limitations period began running on April 24,

1996.[3]  See Douglas v. Horn, 359 F.3d 257, 261 (3d Cir. 2004)(citing Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998)).  Tyler's limitations period thus began to run on April 24, 1996.

At that time, however, his first PCRA petition was still pending.  The Pennsylvania Supreme Court denied his Petition for Allowance of Appeal on May 30, 1997. Thus, per operation of 28 U.S.C. § 2244(d)(2),[4] the one year limitations period commenced to run on May 30, 1997.  A review of the record demonstrates that Tyler did not have a "properly filed application for State post-conviction ... review" that would toll the limitations period at any time prior to filing his habeas petition in March of 2004.[5]  Thus, this petition was filed nearly six years after the applicable limitations period expired on or about May 30, 1998.  Under the

_____

[3]  Pursuant to 42 Pa. C.S.A. § 9545(b)(3), Tyler's judgment of sentence became final on August 9, 1995, 90 days after the Pennsylvania Supreme Court denied allowance of appeal. (Dkt. Entry 11-4, at 99.)

[4]      Section 2244(d)(2) provides:

> (d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. [Emphasis added.]

[5]  Tyler's second PCRA was filed on April 8, 1999, and discontinued on August 23, 1999, after the witness who claimed to have perjured himself recanted and refused to testify. Thus, the tolling effect this PCRA petition could offer Tyler is questionable at best, as the limitations period had already expired more than a year earlier.  Furthermore, as explained in greater detail infra, Tyler's third and fourth PCRA petitions, filed on June 11, 2001 and April 15, 2002, respectively, do not qualify as a "properly filed application" for tolling purposes because they were dismissed as untimely.  Merritt v. Blaine, 326 F.3d 157, 165-66 (3rd Cir. 2003).

-9-

AEDPA, the habeas petition should be dismissed, unless the time period can be statutorily or equitably tolled. See Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999).

The Third Circuit Court of Appeals has recently confirmed that only in "extraordinary" and "rare" circumstances may the one year filing period be equitably tolled. Lacava v. Kyler, 398 F.3d 271 (3d Cir. 2005).  As the Court in Lacava held, to invoke the doctrine, a petitioner must show that

> the principles of equity would make the rigid
> application of a limitation period unfair, such as when
> a state prisoner faces extraordinary circumstances
> that prevent him from filing a timely habeas petition
> *and* the prisoner has exercised reasonable diligence
> in attempting to investigate and bring his claims.

Id. at 275-76 (internal citations omitted) (emphasis in original).

Tyler, aware that "the instant matter could be deemed untimely," argues that his actual innocence combined with a failure of the state court processes to allow a full adjudication of the after-discovered evidence claim allow this otherwise untimely habeas corpus case to proceed.  (Dkt. Entry 4-1, Tyler's Comprehensive Clarification of the Instant Habeas Corpus Petition.)  He further asserts that his claim of ineffective assistance of counsel concerning the trial court stipulation should be considered now to avoid a "miscarriage of justice."

Tyler has not satisfied the stringent requirements for equitable tolling.  First, there plainly was no impediment to Tyler presenting his ineffective assistance of trial counsel contentions prior to May 30, 1998.  He had presented ineffective assistance claims in his first

PCRA petition, and there is no apparent justification for his failure to turn to the federal courts within a year after being denied relief in the state courts.

As to the after-discovered evidence claim, there is no evidence that the state somehow impaired Tyler's ability to learn of the evidence before 2001.  The record, moreover, shows that Tyler knew or reasonably should have known of Bell's conviction in 1996.  The state trial court's Rule 1925 statement is appended to Tyler's filings in the Pennsylvania appellate courts.  The fact that Bell, a co-conspirator, had been convicted should have been enough to incite interest on Tyler's part as to the evidence presented against her.  Significantly, Tyler does not offer any explanation as to why efforts were not undertaken by him at that time to learn of what was said at his co-conspirator's trial.

Section 2244(d)(1)(D) of title 28 U.S.C. provides that the limitations period may not begin to run on a conviction otherwise rendered "final" by expiration of direct appeal avenues until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  The facts on which Tyler relies were matters of public record in early 1996.  Tyler does not deny that he was aware of Bell's conviction in 1996.  He claims that he did not know of the potentially exculpatory evidence introduced at the trial of his co-conspirator until he "overheard" a conversation in prison in 2001.  Yet, he offers no explanation for the failure to attempt to look into the record of the federal court

-11-

trial for more than five (5) years. He evidently had the ability to do so, as shown by the fact that he was able to order parts of the federal court trial record in 2001.

This Court's task is to determine the date by which Tyler, through the exercise of due diligence, could have discovered the existence of the testimony on which he now relies. See Wilson v. Beard, 426 F.3d 653, 659 (3d Cir. 2005).  The question is whether, had Tyler exercised due diligence, he "would have taken certain actions through which he would have learned" about the testimony in question more than a year before the limitations period expired. Id. at 660.  Although incarceration necessarily hampers the actions that a habeas petitioner may take to ascertain facts that could prove helpful, there is nothing in the fact of incarceration that would have prevented Tyler (or the post-conviction counsel representing him) from securing access to the federal trial court record.[6]  Significantly, this is a matter in which the petitioner had filed a PCRA petition based on other allegedly "newly-discovered" evidence in 1999, two years before efforts were made to review the federal trial court record.  Under these circumstances, it is evident that the facts in question could have been learned through the

---

[6]  Generally, counsel error is not a basis for tolling the limitations period.  See Schlueter v. Varner, 384 F.3d 69, 76 (3d Cir. 2004).  In the state court proceedings, counsel for the Commonwealth represented that Tyler's PCRA counsel's billing records suggested that in April of 1996 he had conversed with the federal prosecutors, obtained some transcripts from the federal trial, and had communicated with Tyler after receipt of the transcripts.  It thus appears that Tyler both knew of Bell's conviction and had the ability to obtain (at County expense) the record of the federal prosecution in 1996.

exercise of reasonable diligence more than a year before the habeas limitations period expired on May 30, 1998.   The petition filed nearly six (6) years later is plainly time-barred.

Even if it is assumed that Tyler, in the exercise of due diligence, could not have ascertained the "newly discovered evidence" until the summer of 2001, this § 2254 proceeding is nonetheless barred by the statute of limitations.  Tyler did not turn to this Court until nearly three years after obtaining the transcripts of the 1996 federal trial.  The one year limitations for filing a habeas corpus petition would have commenced no later than the summer of 2001, and would have expired nearly two years before this habeas corpus proceeding was commenced. Only the pendency of a "properly filed" application for state court post conviction review could have suspended the running of the one-year limitations period governing § 2254 proceedings. See 28 U.S.C. § 2244(d)(2).

In Pace v. DiGugliemo, 125 S. Ct. 1807 (2005), which involved Pennsylvania's post-conviction review statute, the nation's High Court ruled that an untimely PCRA petition is not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) so as to suspend the running of the habeas corpus limitations period.  Id. at 1811.  As our Court of Appeals recently observed, "[a]n untimely state petition for post-conviction relief cannot be 'properly filed' for purposes of § 2244(d)(2)."  Satterfield v. Johnson, 434 F.3d 185, 194 (3d Cir. 2006) (citing Pace, 125 S. Ct. at 1811).

-13-

Both the state trial court and the Pennsylvania Superior Court have determined that Tyler's PCRA petitions filed in 2001 and 2002 were untimely.  These determinations are conclusive on the question of whether those state court applications were "properly filed" for purposes of § 2244(d)(2).  See Evans v. Chavis, 126 S.Ct. 846, 850 (2006) (state court ruling that habeas petitioner's delay in seeking state court relief was unreasonable "'would be the end of the matter'") (quoting Carey v. Saffold, 536 U.S. 214, 226 (2002)); Pace, 125 S.Ct. at 1812 ("When a post conviction petition is untimely under state law, 'that is the end of the matter' for purposes of § 2244(d)(2)."); Fountain v. Kyler, 420 F.3d 267, 272 n.3 (3d Cir. 2005) ("because the Superior Court found [Fountain's] second [PCRA] petition untimely, it was not 'properly filed' and thus did not serve to toll the running of the statute of limitations").  As explained in Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003), once the highest Pennsylvania court to address the matter rules that a PCRA petition is untimely, "it would be an undue interference for a federal district court to decide otherwise."  Thus, the state court rulings that Tyler's third and fourth PCRA petitions were untimely compel the conclusion that this habeas corpus petition is likewise time-barred.  See Brown v. Klem, No. Civ. A. 05-824, 2006 WL 263607, at *6 (E.D. Pa. Feb. 1, 2006).[7]

---

[7]As in this matter, the petitioner in Brown argued that the state court had erred in determining that he had not acted within due diligence under state law in presenting a "newly discovered evidence" claim.  The federal court refused to entertain this argument, noting that "the timeliness of petitioner's PCRA petitions are a matter of state law and it is well settled that (continued...)

The fact that Tyler may have believed that he needed to exhaust state court remedies on his "newly discovered evidence" claim before filing a federal habeas petition does not serve as a basis for equitable tolling.  See Pace, 125 S.Ct. at 1813-14 (rejecting equitable tolling where federal habeas limitations period had expired while petitioner pursued state court remedies on a petition that was determined by the state courts to be untimely); Baker v. Horn, 383 F.Supp. 2d 720, 748 (E.D. Pa. 2005) (uncertainty as to Pennsylvania law and the timeliness of a PCRA petition did not afford a basis for equitable tolling while inmate pursued state court remedies); Brown, 2006 WL 263607, at *7 (rejecting equitable tolling under circumstances indistinguishable from those presented here).  Tyler may have avoided this consequence by filing a "protective" petition in this Court, and asking that it be held in abeyance while he pursued state court processes.  See Pace, 125 S.Ct. at 1813-14.  The fact that the state trial court determined within weeks of the filing of the third PCRA petition that it was untimely certainly provided cause for Tyler to be concerned that he may not be able to avail himself of the statutory tolling provision of § 2244(d)(2).

_____

[7](...continued)
this court cannot review a claim of state judicial error.  . . . Thus, because petitioner's PCRA claim was dismissed by the Pennsylvania Superior Court on state law grounds, petitioner's claim that his PCRA petition was timely is not cognizable."  Id at *6 n.10 (internal citations omitted).  The same conclusion is compelled here.

**IV.** _____**CONCLUSION.**

Tyler filed the present habeas corpus petition on March 3, 2004.  The limitations period expired on May 30, 1998.  Tyler could have discovered the grounds presented in his habeas petition more than one year before May 30, 1998.  Indeed, his ineffective assistance of trial counsel claims were presented to the state courts in 1996.  At a minimum, the limitations period on the newly discovered evidence claim started to run in the summer of 2001, almost three years before this proceeding was commenced.  There is no basis for equitable tolling, and Tyler's petition for habeas corpus relief under § 2254 is thus barred by the statute of limitations.  An appropriate order follows.

**s/ Thomas I. Vanaskie**
Thomas I. Vanaskie, Chief Judge
Middle District of Pennsylvania

# UNITED STATES DISTRICT COURT
## FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID TYLER,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | **CIVIL NO. 3:CV-04-0510** |
| **v.** | : | |
| | : | **(CHIEF JUDGE VANASKIE)** |
| **JOHN PALAKOVICH, ET AL.,** | : | |
| | : | |
| **Respondents.** | : | |

## O R D E R

**AND NOW, this 28th day of FEBRUARY, 2006**, for the reasons set forth in the foregoing Memorandum, **IT IS ORDERED THAT**:

1.  The petition under 28 U.S.C. § 2254 is **DISMISSED**.

2.  A certificate of appealability is **DENIED**.

3.  The Clerk of Court shall mark this matter **CLOSED.**

**s/ Thomas I. Vanaskie**
Thomas I. Vanaskie, Chief Judge
Middle District of Pennsylvania